United States District Court
Southern District of Texas
**ENTERED**
December 02, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOAN T. TANG, <br> Inmate #P00189427, <br><br> Plaintiff, <br><br> v. <br><br> MISSOURI CITY POLICE <br> DEPARTMENT, et al., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> CIVIL ACTION NO. H-16-2956 |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Toan T. Tang, is currently in custody at the Fort Bend County Jail. Tang has filed a handwritten Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), alleging violations of his civil rights in connection with state court criminal proceedings that have been lodged against him in Fort Bend County. Because Tang is incarcerated, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering all of the pleadings the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Tang is presently in the custody of the Fort Bend County Jail as the result of criminal charges filed against him in Fort Bend County.[1] Public records from Fort Bend County confirm that Tang has been formally charged in the following felony and misdemeanor cases: Cause No. 16-DCR-073638 (unauthorized use of a motor vehicle); Cause No. 16-DCR-073639 (credit or debit card abuse); Cause No. 16-187561 (burglary of a vehicle); Cause No. 16-CCR-186570 (theft of property); Cause No. 16-CCR-186571 (criminal mischief); Cause No. 16-CCR-187572 (terroristic threat); Cause No. 16-CCR-187573 (theft of property); and Cause No. 16-CCR-187793 (theft of property).

Tang has filed this civil rights lawsuit under 42 U.S.C. § 1983 against the following defendants in connection with the above-referenced criminal charges: (1) the Missouri City Police Department; (2) Missouri City Police Officer Diaz; and (3) Missouri City Police Officer Zimmerman.[2] Tang contends that Officer Diaz and Officer Zimmerman unlawfully searched his living quarters without a warrant or probable cause in violation of the Fourth Amendment, which prohibits unreasonable searches and seizures.[3] As a result of that search, Tang was charged with theft of property in

---

[1]Complaint, Docket Entry No. 1, p. 3.

[2]Id. at 1, 3.

[3]Id. at 3.

Cause No. 16-CR-187793.[4] Alleging that the defendants failed to find anything that had been reported stolen during the search of his residence, Tang contends that the charges against him are invalid.[5] Tang seeks $1.5 million in monetary damages and declaratory relief for the violation of his constitutional rights.[6]

## II. Discussion

Tang's allegations call into question the validity of criminal charges that are currently pending against him in state court. Absent extraordinary circumstances the doctrine of abstention announced in Younger v. Harris, 91 S. Ct. 746, 751 (1971), prohibits interference by a federal court with a pending state criminal prosecution. See DeSpain v. Johnston, 731 F.2d 1171, 1176 (5th Cir. 1984) ("The Younger doctrine establishes a presumption that the federal courts should abstain in cases in which a state criminal proceeding is pending."); see also Louisiana Debating and Literary Ass'n v. City of New Orleans, 42 F.3d 1483, 1489 (5th Cir. 1995) ("[Abstention] 'is generally deemed appropriate [when] assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character.'") (citation omitted). Tang has an adequate avenue for raising his claims in state court, where he is

---

[4]Id.

[5]Id.

[6]Id. at 3, 4.

represented by counsel. The pleadings in this case do not otherwise demonstrate that extraordinary circumstances are present or that federal court intervention is warranted. Under these circumstances the court must abstain from exercising jurisdiction over Tang's claims.

Although Younger abstention applies only to claims for injunctive and declaratory relief, consideration of Tang's claims for monetary damages by this court would also implicate the validity of ongoing state court criminal proceedings. See Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994) (holding that civil rights claims are barred if success on those claims would necessarily imply the invalidity of a conviction or present confinement). It would be premature to determine whether Tang's claims are barred by the rule in Heck. See Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995). Rather than stay this case pending the outcome of Tang's criminal proceedings, the court will dismiss the Complaint without prejudice to re-filing his claims in the event that the challenged state court proceeding terminates in his favor. Tang's pending motions, which do not alter this determination, will be denied as moot.[7]

---

[7]Tang has filed a "Motion to Address the Court Regarding the Status of the Plaintiff Relevant to This Civil Action" (Docket Entry No. 10), requesting leave to proceed in forma pauperis, appointment of counsel, and service of process on the defendants, among other things. These requests will be denied as moot. Tang has also filed a "Motion to Address the Court Regarding Plaintiff's Legal Status," in which Tang appears to claim that he is being held
(continued...)

## III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner Civil Rights Complaint filed by Toan T. Tang (Docket Entry No. 1) is **DISMISSED without prejudice.**

2. Tang's "Motion to Address the Court Regarding the Status of the Plaintiff Relevant to This Civil Action" (Docket Entry No. 10) and Tang's "Motion to Address the Court Regarding Plaintiff's Legal Status" (Docket Entry No. 11) are **DENIED as moot.**

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties.**

**SIGNED** at Houston, Texas, on this 1sth day of December, 2016.

                                    SIM LAKE
                        UNITED STATES DISTRICT JUDGE

---

[7](...continued) illegally without valid legal charges (Docket Entry No. 11). To the extent that Tang seeks release from unlawful confinement, this claim is actionable, if at all, in a habeas corpus petition under 28 U.S.C. § 2254. Because it is evident that Tang has not exhausted available state court remedies with respect to his claim of unlawful confinement, this allegation will not be addressed further.